Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 94 C 6282 | **DATE** | 1/17/2002 |
| **CASE TITLE** | Altamont Pharmacy vs. Abbott Laboratories (94 C 6282)<br>Baker's Pharmacy -v- Abbott Laboratories (95 C 2015)<br>Meijer -v- Abbott Laboratories (95 C 1940)<br>Publix Supermarkets -v- Abbott Laboratories (95 C 246) | | |

(95 C 2015)

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiffs' motions (Doc 20-1 in 94 C 6282; Doc 0-1 in 95 C 2015; Doc 0-1 in 95 C 1940; and Doc 40-1 in 95 C 246) to transfer their cases to the Eastern District of New York is granted. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices: 3 | Document Number |
| | No notices required. | | |
| | Notices mailed by judge's staff. | JAN 18 2002 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | 20 |
| | Mail AO 450 form. | FILED-ED3 | |
| | Copy to judge/magistrate judge. | 02 JAN 17 AM 9:29 | JAN 18 2002 date mailed notice |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALTAMONT PHARMACY, INC., et al.., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 94 C 6282 |
| ABBOTT LABORATORIES, et al., | ) | **DOCKETED** |
| Defendants. | ) | JAN 1 8 2002 |
| BAKER'S PHARMACY, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 95 C 2015 |
| ABBOTT LABORATORIES, et al., | ) | |
| Defendants. | ) | |
| MEIJER, INC., | ) | |
| Plaintiff, | ) | |
| vs. | ) | 95 C 1940 |
| ABBOTT LABORATORIES, et al., | ) | |
| Defendants. | ) | |
| PUBLIX SUPERMARKETS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 95 C 246 |
| ABBOTT LABORATORIES, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Plaintiffs' motions to transfer their cases to the Eastern District of New York. For the following reasons, the motion is granted.

## BACKGROUND

In the early 1990's, tens of thousands of retail pharmacies of various sizes filed suit against virtually all of the leading manufacturers and wholesalers of brand name prescription drugs, alleging violations of the federal antitrust laws. Pursuant to the orders of the Judicial Panel for Multidistrict Litigation (the "MDL Panel"), the cases were transferred to this court for coordinated or consolidated pretrial proceedings as In re Brand Name Prescription Drugs Antitrust Litig., Civ. No. 94 C 897, MDL 997. In late 1994, this court certified a class of plaintiffs pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure (the "Class"). A number of plaintiffs, including those currently before the court, opted out of the Class. For the sake of clarity and simplicity, the opt-out plaintiffs involved in the cases at bar are referred to as two opt-out plaintiff groups. One opt-out plaintiff group has two cases in this district: Altamont Pharmacy, Inc. v. Abbott Lab., Inc., Civ. No. 94 C 6282 and Baker's Pharmacy v. Abbott Lab., Civ. No. 95 C 2015 (the "Boies/Gravante plaintiffs"). The other opt-out plaintiff group also has two cases in this district: Meijer, Inc. v. Abbott Lab., Inc., Civ. No. 95 C 1940 and Publix Supermarkets v. Abbott Lab., Civ. No. 95 C 0246 (the "Malley's plaintiffs"). Where the court refers to "Plaintiffs" it makes reference to both groups.

On March 22, 2001, this court recommended to the MDL Panel that the Sherman Act claims be remanded to the District Courts from which the transfers were made. The Defendant manufacturers subsequently asked this court to refer all the opt-out plaintiffs' cases to a settlement judge. This court granted their request and referred those cases to Magistrate Judge Keys. The settlement efforts were not successful with respect to the cases before the court.

The MDL Panel adopted this court's recommendation to remand the Sherman Act claims on October 19 of this year. The Boies/Gravante plaintiffs and the Malley's plaintiffs have now moved this court pursuant to 28 U.S.C. § 1404(a) ("§ 1404(a)") to transfer their cases to the Eastern District of New York. Although the parties have filed separate papers with regard to the Boies/Gravante plaintiffs on the one hand and the Malley's plaintiffs on the other, the papers present virtually identical issues of law and fact for the purpose of the parties' motions to transfer. Therefore, in the interests of judicial economy, the court considers the motions together and our holding applies equally to both.

## DISCUSSION

As a preliminary matter, the court notes that the parties dispute the effect of Lexecon v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), on the motions to transfer currently before the court. In Lexecon, the Supreme Court held that a district court to which cases have been transferred pursuant to 28 U.S.C. § 1407 for pretrial proceedings cannot, after conclusion of the pretrial proceedings, transfer the

case to itself for trial under § 1404(a). Lexecon, 523 U.S. at 26. Because the cases at issue here were originally filed in this district, the rule espoused in Lexecon does not bar this court from considering the present § 1404(a) motion. Following the remand of cases transferred to a single transferee court pursuant to an MDL Panel's order, individual cases may be transferred by the originating courts. See Shah v. Pan Am. World Services, Inc., 148 F.3d 84, 91 (2nd Cir. 1998) (quoting Lexecon, 118 S.Ct. at 964); Varnado v. Danek Med., Inc., 1998 WL 524896 (E.D.La. Aug. 19, 1998). Accordingly, the court turns to its § 1404(a) analysis.

Under § 1404(a), a District Court may, for the convenience of the parties and the witnesses and in the interest of justice, transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). It is well-established that a decision to transfer a case is committed to the district court's sound discretion. Heller Fin., Inc. v. Midwhey Power Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989); Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). A case may be transferred pursuant to § 1404(a) if the movant meets his burden of showing that: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Symons Corp. v. Southern Forming and Supply, Inc., 954 F. Supp. 184, 186 (N.D.Ill. 1997). These factors are not rigid, but rather "are best viewed as placeholders for a broader set of considerations, the contours of which turn upon the facts of each case." Coffey, 796 F.2d at 220 n. 3.

The first factor is met in this case. The parties do not dispute that venue is proper in both the Northern District of Illinois and the Eastern District of New York. Because venue is proper in either district, the court turns to the second factor.

The second factor is whether the transfer is being made for the convenience of the parties and the witnesses. In analyzing the convenience of the witnesses, the court must evaluate a number of factors, such as: (1) the number of witnesses located in each district; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for the attendance of unwilling witnesses; (4) the cost of obtaining the attendance of witnesses; and (5) the situs of material events. See Countryman v. Stein Roe & Farnham, 681 F. Supp. 479, 483 (1987); Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 621 F. Supp. 780, 782 (N.D. Ill. 1985). The convenience of the witnesses is often viewed as the most important factor to be considered. See First Health Group, Corp. v. Sanderson Farms, Inc., 2000 WL 139474, at *3 (N.D. Ill. Jan. 31, 2000); Tingstol Co. v. Rainbow Sales, Inc., 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998); Rose v. Franchetti, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989).

Plaintiffs argue that the Eastern District of New York is the most convenient location for both the parties and the witnesses. The court first considers ease of the parties. The individual plaintiffs themselves are scattered throughout the country, and therefore their locations do not contribute to this analysis. The defendants' locations, on the other hand, make a significant contribution to this analysis. Virtually all of the manufacturer defendants have corporate headquarters or principal places of business in the New York metropolitan area. Furthermore, the majority of the law firms

representing defendants have offices in New York and both law firms serving as co-lead national counsel for the Boies/Gravante plaintiffs have offices in New York. Thus, consideration of the parties' locations militates in favor of transfer.

Consideration of the potential witnesses similarly supports transfer. Potential witnesses include key executives and current and former employees of defendant manufacturers. Employees of co-coconspirators and third-party witnesses will also be called to testify. Specifically, some of these witnesses include individuals from: IMS Health; Prudential Life Insurance Company of America; Managed Health Care Associates; Medco Containment Services, Inc.; and William Steere, a former Chief Executive Officer of defendant Pfizer, Inc. A number of these and other potential witnesses are located in or near an area in New Jersey that contains such a concentration of the pharmaceutical industry it is known as the "pharmaceutical corridor." The "pharmaceutical corridor" is within the Eastern District of New York's 100 mile subpoena power. Fed.R. Civ. Pro 45(b)(2) ("a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the...trial...."). Many of those witnesses not located in the "pharmaceutical corridor" are located in other areas within the Eastern District of New York's 100 mile subpoena power. Accordingly, plaintiffs argue that compulsory process of more witnesses may be obtained if the cases are tried in the Eastern District of New York rather than in this, or any other, District.

Defendants counter that plaintiffs have not shown that transfer would be more convenient for the parties and the witnesses because plaintiffs have not set forth with specificity what witnesses they will call and the nature of those witnesses' testimony. The court disagrees. Plaintiffs have sufficiently identified their potential witnesses and have sufficiently explained the nature of the witnesses' testimony. The defendants in the Malley's plaintiffs' cases further argue that they are willing to agree to bring any potential witnesses under their control to Chicago and thus ease the burden of these witnesses in coming here. This offer, however, does not extend to the many witnesses who are not within their control, such as third party witnesses, witnesses employed by alleged co-conspirators, or former employees. On balance, the court finds that trying these cases in the Eastern District of New York would be more convenient for the parties and the witnesses than trying them in this District.

The third factor the court must consider is whether the transfer is in the interest of justice. To make this determination, the court must analyze: (1) the relation of the community to the issue of the litigation; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets. Carter, 1998 WL 89244, at *3; Hughes v. Cargill, Inc., 1994 WL 142994, at *2 (N.D. Ill. 1994). When considering this third factor, the court grants considerable weight to the plaintiff's choice of forum. See Avesta Sheffield, Inc. v. Olympic Cont'l Res., 2000 U.S. Dist. LEXIS 1670, at *17 (N.D. Ill. Feb. 14, 2000); Von Holdt v. Husky Injection Molding Sys., Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995). In addition, the administration of justice is better

served when "the action is litigated in the forum that is 'closer to the action.'" Carillo v. Darden, 992 F. Supp. 1024, 1026 (N.D. Ill. 1998).

Plaintiffs contend that the interest of justice would be served by transferring the cases. Plaintiffs argue that the relative proximity of the parties, witnesses, counsel, and the pharmaceutical industry to the Eastern District of New York make that District "closer to the action." Plaintiffs further explain that they wish to transfer all of their cases to the Eastern District of New York for one efficient, consolidated trial. The Boies/Gravante plaintiffs already have a number of cases pending in the Eastern District of New York. Although the Malley's plaintiffs do not have any cases currently pending in the Eastern District of New York, they too wish to ultimately transfer all of their cases to that District so that they may continue their joint efforts with the Boies/Gravante plaintiffs.

The plaintiffs contend that it is in the interest of justice and judicial economy that they be allowed to pursue their joint efforts in these cases. The Boies/Gravante plaintiffs and the Malley's plaintiffs have pursued their respective Sherman Act claims jointly for many years. The two opt-out groups have shared common expenses, the labor of discovery, legal research, motion practice and all manner of pre-trial preparation. They also share a document depository, deposition transcripts and abstracts, and legal theories. Each group will rely on overlapping witnesses, documents, and evidence to establish their case. Although the Malley's plaintiffs have settled with more defendants than the Boies/Gravante plaintiffs, all the remaining

Malley's defendants are active defendants in the Boies/Gravante plaintiff group. Moreover, all these defendants are already defendants in the Boies/Gravante cases currently on file in the Eastern District of New York. By consolidating their cases in the location that is most convenient for the parties and the witnesses, the plaintiffs argue that all the parties will avoid the duplication of time and expense that would inevitably result if the cases were tried in multiple forums. The plaintiffs present persuasive arguments explaining why transferring the cases would be in the interest of justice.

Conversely, the defendants' arguments that transferring the case is not in the interest of justice are not persuasive. Much of defendants' opposition to transfer stems from the fact that this court served as the MDL transferee court. First, defendants argue that the interest of justice would be better served if this court retains these cases because this court's extensive history and experience during the pre-trial phase of these cases will facilitate further proceedings. That this court has more experience with all of the MDL 997 cases than any other court at this stage of this complex litigation is obvious. Yet this court's familiarity with the cases up until this point does not dictate that it must hold on to the cases until their completion. Such a result is contrary to the requirement that the MDL Panel remand cases that had been transferred for consolidated pre-trial proceedings once those proceedings were completed. Lexecon, 523 U.S. at 26; 28 U.S.C. 1407. This court's role as MDL transferee was to oversee coordinated or consolidated pretrial proceedings. The court's obligations as the MDL

transferee court have now been fulfilled. The court has no doubt the courts that subsequently preside over these cases will do so judiciously and competently.

Second, defendants argue that the fact that the MDL Panel chose this court as the center for pretrial proceedings indicates that this court is the best location for the instant cases. Too much is made of the MDL Panel's decision. The MDL Panel had to decide the best location for all the MDL 997 cases, not just the cases presently before this court. The considerations and the facts before the MDL Panel at that time were different than the considerations currently before this court. Thus, the MDL Panel's choice of this District as the center of pretrial proceedings does not necessarily mean this District is the best location for the trial(s) of the individual opt-out cases.

Third, the defendants make certain arguments based on facts related to the Class case tried before this court. Such arguments are irrelevant here. The Boies/Gravante plaintiffs and the Malley's plaintiffs opted out of the Class. As such, they are entitled to try their cases in the manner they wish, and the manner in which they choose to try their cases may differ from the methods chosen by the Class plaintiffs.

In sum, the court finds that the plaintiffs have shown that the convenience of the parties and witnesses and the interest of justice will be furthered by transferring their cases to the Eastern District of New York. Conversely, the defendants have failed to show they would be prejudiced if their cases are transferred to the Eastern District of New York. Accordingly, the court concludes that the cases should be transferred.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion to transfer their cases to the Eastern District of New York is granted.

_____
Charles P. Kocoras
United States District Judge

Dated: JAN 17 2002